FILED

2004 SEP -1  A 10: 47

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOREEN SPIOTTI                    :        NO.: 3:04cv1442(CFD)

v.                                :        304CV1442 CFD

TOWN OF WOLCOTT, PAUL SCIRPO,
DON THERKILDSEN, DOMENIC
ANGIOLILLO, AND BRUCE MORRONE  :        AUGUST 30, 2004

### NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

The Notice of Town of Wolcott and Wolcott Police Department respectfully shows:

1.      This action was commenced by the issuance of Summons and Complaint dated August 3, 2004 and addressed to the Town of Wolcott and the Wolcott Police Department.  The defendants allege that service was made on the named defendants by serving the Town Clerk for the Town of Wolcott, Paul Scirpo, Domenic Angiolillo, Don Therkildsen and Bruce Morrone on August 3, 2004.

2.      The above-described action is a civil action and is one which may be removed to the Court by petitioner, defendant therein, pursuant to the provisions of Title 28, United States Code § 1441 in that the controversy involves a federal question.

3.      The action is returnable in the Superior Court for the Judicial District of Waterbury on September 7, 2004.

4.      Attached hereto, in compliance with 28 U.S.C. §1446(a), are complete and accurate copies of the process and pleadings received by the defendant as follows:  (a) Complaint; (b) Summons to the Town of Wolcott and the Wolcott Police Department; (c) notification of service of process on the Town of Wolcott and the Wolcott Police Department; and (d) a statement of amount in demand.

5.      The third count of the Complaint Alleges Employment Discrimination under Title VII, 42 U.S.C. § 2000e.

6.      The Sixth Count of the complaint alleges a violation of the Family and Medical Leave Act under 29 U.S.C § 2601.

7.      Therefore, this action involves two federal questions.

8.      The defendant denies all such allegations.

9.      Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. §1331.  The action may be removed to this Court pursuant to 28 U.S.C. §1441(b) as the controversy involves claims under the constitution, treaties or laws of the United States.

WHEREFORE, petitioner prays that the above action now pending in Superior Court at 300 Grand Street, Waterbury, CT be removed therefrom to this Court.

DEFENDANTS,
TOWN OF WOLCOTT, PAUL SCIRPO,
DON THERKILDSEN, DOMENIC
ANGIOLILLO AND BRUCE MORRONE

By_____

Alan R. Dembiczak, Esquire (ct25755)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 30th day of August, 2004.

Eric R. Brown, Esquire
Secor, Cassidy & McPartland
P.O. Box 2818
Waterbury, CT 06273

_____
Alan R. Dembiczak

4

# VERIFICATION

STATE OF CONNECTICUT                     )

                                              ) ss:  Hartford

COUNTY OF HARTFORD                       )

       Alan R. Dembiczak, being duly sworn, deposes and says that he is one of the attorneys for the defendants, Town of Wolcott, Paul Scirpo, Don Therkildsen, Domenic Angiolillo and Bruce Morrone, and that he has prepared the foregoing Notice of Removal and that the contents are true to the best of his knowledge, information and belief.

                                         _____

                                         Alan R. Dembiczak

      Subscribed and sworn to before me on this 30th day of August  2004.

                                 _____

                                ~~Comm. of the Superior Court~~
                                Notary Public
                                My commission expires: 2/28/07

2

H2- 23538

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1  Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.state.ct.us

**"X" ONE OF THE FOLLOWING:**
*Amount, legal interest or property in demand, exclusive of interest and costs is:*
[ ] less than $2,500
[ ] $2,500 through $14,999.99
[ ] $15,000 or more
("X" if applicable)
[X] Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | | |
|---|---|---|
| [X] JUDICIAL DISTRICT [ ] HOUSING SESSION  [ ] G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) Waterbury | RETURN DATE (Mo., day, yr.) (Must be a Tuesday) 9/7/04 |

| | |
|---|---|
| ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350) 300 Grand Street, Waterbury, CT 06702 | CASE TYPE (See JD-CV-1c) Major T  Minor 90 |
| | TELEPHONE NO. (w/area code) 203-757-9261 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | DOREEN SPIOTTI, 200 Nyeth Avenue, Oakville, CT 06779 | | [X] Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | TOWN OF WOLCOTT c/o Town Clerk, 10 Kenea Avenue, Wolcott, CT 06716 | | | 50 |
| Additional Defendant | PAUL SCIRPO, Wolcott Police Department, 225 Nichols Rd., Wolcott, CT 06716 | | | 51 |
| Additional Defendant | DON THERKILDSEN, Wolcott Police Department, 225 Nichols Rd., Wolcott CT 06716 | | | 52 |
| Additional Defendant | DOMENIC ANGIOLILLO, Wolcott Police Department, 225 Nichols Rd., Wolcott CT 06717 | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 8-3-04 | SIGNED (Sign and "X" proper box) *[signature]* | [X] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Eric R. Brown |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) Secor, Cassidy & McPartland, P.O. Box 2818, Waterbury CT 06723 | TELEPHONE NUMBER 203-757-9261 | JURIS NO. (if atty. or law firm) 55525 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) Margaret A. Cossa, 41 Church St., Waterbury, CT 06702 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. 1 | # DEFS. 5 | # CNTS. 6 | SIGNED (Official taking recognizance) "X" proper box) *[signature]* | [X] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|
| | | | | FILE DATE | |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY
ATTEST
Gerald Reiner, State Marshall

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**

JD-CV-2 EL  Rev. 8-94

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)

SPIOTTI, DOREEN

FIRST NAMED DEFENDANT (Last, First, Middle Initial)

WOLCOTT, TOWN OF

| NAME (Last, First, Middle Initial, If individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

| NAME (Last, First, Middle Initial, If individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| BRUCE MORRONE, Wolcott Police Department, 225 Nichols Rd., Wolcott CT 06716 | | 54 |
| | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

| | CODE | |
|---|---|---|
| | 61 | FOR COURT USE ONLY - FILE DATE |
| | 62 | |
| | 63 | DOCKET NO. |

CIVIL SUMMONS-Continuation

RETURN DATE: SEPTEMBER 7, 2004     :     SUPERIOR COURT

DOREEN SPIOTTI     :     JUDICIAL DISTRICT OF

VS.     :     WATERBURY AT WATERBURY

  :  

TOWN OF WOLCOTT, PAUL SCIRPO,     :  

DON THERKILDSEN, DOMENIC     :  

ANGIOLILLO, AND BRUCE MORRONE     :     AUGUST 3, 2004

## COMPLAINT

### I.  First Count – Employment Discrimination C.G.S. 46a-60

1.  The plaintiff is a resident of Watertown, Connecticut, and at all relevant times is and has been employed by the Town of Wolcott Police Department as a certified police officer.

2.  At all relevant times, the defendant Town of Wolcott is and has been a municipal corporation which employs the plaintiff as a police officer.

3.  The Town of Wolcott is an "employer" as defined under Conn. Gen. Stats. Sec. 46a-60.

4.  The defendant Town of Wolcott employs more than three persons.

5.  The defendant Paul Scirpo is the Chief of Police of the Town of Wolcott Police Department.  This action is brought against him in both his official and individual capacities.

6.  The defendant Don Therkildsen is the Deputy Chief of Police of the Town of Wolcott Police Department.  This action is brought against him in both his official and

S:\030532\court complaint.doc

SECOR, CASSIDY & McPARTLAND, P.C.  •  ATTORNEYS AT LAW
41 CHURCH STREET  •  P. O. BOX 2818  •  WATERBURY, CT 06723-2818  •  JURIS #56525  •  (203) 757-9261

Equal Employment Opportunity Commission, and the plaintiff has received a release of jurisdiction and a "right to sue" letter from the CHRO and the EEOC.

12. As early as September, 1998, the plaintiff became the subject of systematic and continued harassment perpetrated by the Town of Wolcott and the individual defendants in their individual and official capacities.

13. In September, 1998, the plaintiff was singled out by then Deputy Chief Paul Scirpo (currently the Chief) for an officer ride-along. The defendant Scirpo claimed that he would conduct ride-alongs with all new officers. The plaintiff was the only officer with whom he rode.

14. At various times during the plaintiff's employment, the defendant Bruce Morrone made comments to her that she had "ruined" her "career" by marrying her husband Bryan, a fellow Wolcott police officer. The defendant Morrone said the Town "shouldn't have hired a girl," to the plaintiff. He stated that the plaintiff would make things "uncomfortable around here," implying that her female gender would not be accepted by himself or the Wolcott Police Department.

15. On many occasions the defendant Morrone made the same derogatory comment to the plaintiff, calling her a "skirt" in reference to the fact that she was the only female officer in the Wolcott Police Department. The plaintiff found these comments to be harassing and demeaning.

16. The defendant Morrone made negative comments about female victims of domestic

violence and it became apparent to the plaintiff that he did not like women, based upon the negative and derogatory comments he made about plaintiff including calling her a "skirt" and a "wimp."

17. During the term of the plaintiff's employment, the Wolcott Police Department has not had a maternity leave policy for female officers. The plaintiff is the only female officer ever employed by the Wolcott Police Department of child-bearing age.

18. In 2000, the defendant Morrone asked whether the plaintiff and her husband planned on having children. When the plaintiff responded "maybe," the defendant Morrone stated "this town's not paying you to get pregnant, if you want to have a baby stay home." He added that if the plaintiff started having babies she "wouldn't be any good to us [the Wolcott Police Department] anymore."

19. Following the plaintiff's employment evaluation in October, 2000, in which her evaluation was less favorable than previous evaluations, the defendant Morrone told the plaintiff that her marriage to her husband Bryan was "dragging [her] down." He told the plaintiff that she needed to keep her mouth shut. He said that her marriage to Bryan was going to "ruin [her] career" in Wolcott.

20. On October 24, 2000, the plaintiff was advised by the defendant Angiolillo that her scores went down on her evaluation because she once forgot to wear her tie to roll call. He denied the statements made to her by Morrone as being the reasons for her poorer evaluation.

S:\030532\court complaint.doc

SECOR, CASSIDY & MCPARTLAND, RC.  •  ATTORNEYS AT LAW
41 CHURCH STREET  •  P. O. BOX 2818  •  WATERBURY, CT 06723-2818  •  JURIS #55525  •  (203) 757-9261

21.  On November 10, 2001, the plaintiff was ordered to wear her hair in a bun, rather than a braid by the defendant Angiolillo who cited a department safety policy. No such safety policy exists. The order was designed to harass and was made because the plaintiff is a woman.

22.  In July, 2001, the defendant Angiolillo made a rude and demeaning remark to the plaintiff because she is a woman, asking her at roll call if she was "on the rag" which was a humiliating, vulgar, and derogatory reference a woman's menstrual cycle. The plaintiff found the comment to be humiliating and demeaning, and she believed that it was made because she is a woman.

23.  In August, 2001, Wolcott Police Detective Dressel sexually harassed the plaintiff, causing the plaintiff to file a complaint with the Department.

24.  In February, 2002, the defendant Morrone attempted to deny the plaintiff an overtime payment for staying past her regular shift hours to complete a domestic violence report which happened near the end of her shift. The defendant Morrone stated that the plaintiff took too long to do the report, and that the reason she took so long was because she is "a girl." She was issued a disciplinary "Daily Observation Report" for failing to request overtime from a supervisor. There is no policy requiring such a request. In the past, if such a policy existed, it had never been enforced. The plaintiff was discriminatorily singled out for enforcement of the policy

25.  In February, 2002 the plaintiff became pregnant.

SECOR, CASSIDY & McPARTLAND, P.C.   •   ATTORNEYS AT LAW
41 CHURCH STREET   •   P. O. BOX 2818   •   WATERBURY, CT 06723-2818   •   JURIS #65525   •   (203) 757-9261

26.    On May 7, 2002, the plaintiff requested that she be placed on "light duty," and the Town placed her on light duty a few weeks later. The plaintiff gave birth to a baby boy on November 26, 2002.

27.    Following delivery of her son, the plaintiff requested and was given six weeks of paid leave time, utilizing her accrued leave time availability. The plaintiff returned to work at the conclusion of the six week time period.

28.    After the birth of her son, the defendant Angiolillo inappropriately asked the plaintiff what she was doing for childcare for her son. The plaintiff does not have a relationship with the defendant Angiolillo in which she discusses such personal topics. He stated that she would be ordered in to work on top of her regular 40 hours of work and she needed to make sure she could work all of the hours.

29.    Thereafter, the defendant Morrone asked if she was planning on having more children. He said "you're crazy if you think this department will give you light duty again. It will never happen."

30.    The defendant Morrone thereafter continually made harassing, intimidating and upsetting comments, based upon the plaintiff's gender and marital status including, "what are you now, a baby machine? You used to be a good cop, now you're soft since you became a mommy. I just got you where I wanted and now you're ruined."

31.    In June, 2003, the defendant Morrone made derogatory and demeaning comments about the plaintiff and other women, stating "it is time to get rid of you now. You're

S:\030532\court complaint.doc

SECOR, CASSIDY & McPARTLAND, P.C.   •   ATTORNEYS AT LAW
41 CHURCH STREET   •   P. O. BOX 2818   •   WATERBURY, CT 06723-2818   •   JURIS #55525   •   (203) 757-9251

too old and a mommy now."

32.  In reference to an attractive woman who had applied for a police officer position, the defendant Morrone stated that if she got hired he could "get into some trouble," while he watched her leave the building.  He commented that she was nice to look at dressed in shorts and that is why he loved summer.  The plaintiff was humiliated and embarrassed by this comment, and felt ill-at-ease by the sexist statement.

33.  Thereafter, the defendant Morrone stated that the Wolcott Police Department did not need the plaintiff anymore.  He said the department could not have two girls working there because they would be too much of a liability, and would get their "asses kicked" if sent on calls together.

34.  On a continual basis throughout the summer of 2003, the defendant Morrone criticized the plaintiff because of her weight and poked fun at her.

35.  In June, 2003, the plaintiff was required by the Wolcott Police Department, as part of her police patrol duties, to drive an old cruiser with more than 130,000 miles on it while brand new cruisers sat unused in the parking lot.  The cruiser, #8, posed a safety threat in that the defogger did not work, the air conditioner did not work, the car frequently broke down, and the door hinge was broken.  The cruiser had limited power and if required, could not catch a car that was speeding.

36.  On June 13, 2003, the plaintiff refused to drive Car # 8 because it was unsafe.  The plaintiff was ordered to go home by Sgt. Theis.  The plaintiff did not refuse to work,

she only refused to drive an unsafe vehicle. She was told the "go home" order came from the defendant Angiolillo. She obtained a union representative and they called the Mayor. The plaintiff and her union representative faxed a letter of her various complaints regarding the car, which had been previously given to the defendant Angiolillo the day before, to the Mayor. The plaintiff was ordered by the defendant Morrone to turn over her gun and badge. She asked that he wait until she and her union representative were done talking to the Mayor, hoping for resolution. The defendant Morrone again ordered the plaintiff to turn over her gun and badge, shouting in a threatening and intimidating manner and the plaintiff complied.

37.   The defendant Scirpo then arrived and inspected Car # 8. He stated that the plaintiff did not know how to operate a defogger because she is a woman.

38.   After 2.5 hours, the defendant Scirpo pulled Car #8 off the road, gave the plaintiff back her badge and gun, and allowed her to return to work. She was assigned Car # 10, another old vehicle in the fleet which was not regularly assigned for patrol functions, rather than a newer vehicle.

39.   On June 15, 2003, the plaintiff was assigned Car #10 and kept a record of its various mechanical problems, including a heavy gasoline odor inside the cruiser. The vehicle stalled out six times in the first ½ mile of driving. The vehicle stalled nine times before the plaintiff returned to the department. The defendant Morrone accused the plaintiff of playing some type of game. He yelled at the plaintiff and told her she

would be arrested if she failed to comply with his orders

40.   On June 18, 2003 the plaintiff received a notice of administrative hearing regarding her refusal to drive Car # 8 on June 13, 2003. On June 20, 2003, the hearing was held and audio-tape-recorded.

41.   Throughout June, 2003, the plaintiff was continually assigned Car #8 which regularly broke down, even though other cruisers were available and operating properly.

42.   On June 27, 2003, the cruiser #8 was assigned to the plaintiff and would not exceed 10 miles per hour in a 40-mile-per-hour zone, yet the plaintiff was required to drive it. The plaintiff drove it to the repair shop and waited for a reassigned cruiser.

43.   The plaintiff was reassigned Car #6, a newer car. After driving it for five miles, she was ordered to return to the headquarters and met by the defendant Morrone who ordered her to drive Car #10. He said he received an order from the defendant Angiolillo that the plaintiff drive Car # 10.

44.   On June 27, 2003, the plaintiff put in a request for FMLA leave to begin on July 15, 2003 in order to care for her infant son who had been born in November, 2002.

45.   On July 7, 2003, the plaintiff was called into a meeting with the defendant Scirpo, Kim Hunt of Town Personnel, and the defendant Therkildsen. She was berated by the defendant Scirpo for requesting FMLA leave. He screamed at her to remain in the meeting when she attempted to leave the meeting. She was ordered to remain. He screamed "sit down" seven times. She was then questioned about the meaning of state

and federal FMLA statutes. She requested a union representative and was initially denied a representative. Finally after making a number of requests for a union representative, one was provided to the plaintiff. The defendant Therkildsen sat between the plaintiff and the union representative during the meeting.

46.   The plaintiff left the meeting in an attempt to compose herself. She then left the headquarters and drove to Concerta - a medical facility - seeking treatment for the job-related stress which culminated following her attendance at the meeting.

47.   On July 8, 2003, the plaintiff visited her doctor and was put out of work until July 15.

48.   Later on July 8, 2003, the defendant Morrone came to the plaintiff's home in Watertown, and delivered a letter requiring her to be present at an administrative hearing on July 11, 2003 relative to her alleged "willful disobedience to surrender her weapon on June 13, 2003."

49.   When the plaintiff refused to attend the hearing because she was out on stress-related leave, she was notified that she was suspended for two weeks without pay.

50.   On August 22, 2003, the Mayor reversed the two-week suspension, but placed a written reprimand in her personnel file.

51.   On August 25, 2003, the plaintiff informed the defendant Scirpo that she was pregnant and she required light duty. The defendant Scirpo informed her that light duty was not available, but that he was sure that in the near future some would be available. The plaintiff therefore put in a request for a leave of absence.

S:\030532\court complaint.doc                          10

SECOR, CASSIDY & McPARTLAND, P.C.   •   ATTORNEYS AT LAW
41 CHURCH STREET   •   P. O. BOX 2818   •   WATERBURY, CT 08723-2818   •   JURIS #56825   •   (203) 757-9261

Practices Act, Conn. Gen. Stats. Section 46a-60.

58. As a result of the aforesaid acts of the defendants, the plaintiff has been caused to suffer extreme humiliation and emotional distress, and she has suffered actual damages, costs and attorney's fees in bringing forth this action.

59. The aforesaid actions and inaction of the defendants which constituted discrimination and retaliation against the plaintiff, were done with malice or reckless indifference to the plaintiff's rights, thereby entitling the plaintiff to recover punitive damages.

60. The plaintiff seeks reasonable attorney's fees and expenses pursuant to Section 46a-104 of the Conn. Gen. Stats.

61. The plaintiff seeks equitable relief ordering the defendants to cease engaging in discriminatory conduct against the plaintiff in the future.

## II. Second Count – Aiding and Abetting Discrimination C.G.S. 46a-60

1-61. Paragraphs 1 through 61 of the First Count are made a part of this the Second Count as if fully set forth herein.

62. The individual defendants Morrone, Angiolillo, Therkildsen, and Scirpo were each aware of the ongoing pattern of harassment, hostility, and discrimination engaged in by the employees of the Wolcott Police Department toward the plaintiff, and they endorsed such discriminatory conduct and as such, by failing to take action, and by acting as set forth herein, engaged in conduct which aided and abetted each of the defendants and the Town of Wolcott in carrying out their discriminatory and

S:\030532\court complaint.doc

SECOR, CASSIDY & McPARTLAND, P.C.  •  ATTORNEYS AT LAW
41 CHURCH STREET  •  P. O. BOX 2818  •  WATERBURY, CT 06723-2818  •  JURIS #55525  •  (203) 757-9261

12

retaliatory practices against the plaintiff in violation of Conn. Gen. Stats. Section 46a-60.

**III.**   <u>Third Count –   Title VII Employment Discrimination 42 U.S.C. 2000e</u>

1-61.   Paragraphs 1 through 61 of the First Count are made a part of this the Third Count as if fully set forth herein.

62.   The defendant Town of Wolcott is an employer as defined in 42 U.S.C. 2000e-1.

63.   The plaintiff is an employee as defined in 42 U.S.C. 2000e-1.

64.   The defendants Scirpo, Therkildsen, Angiolillo, and Morrone are "persons" as defined in 42 U.S.C. 2000e-1.

65.   The aforesaid acts of the defendants constituted discrimination on the basis of the plaintiff's sex pursuant to not exclusively 42 U.S.C. 2000e(k), and the said acts were unlawful and discriminatory and retaliatory in violation of 42 U.S.C. 2000e-2.

66.   The defendants engaged in the discriminatory practices alleged with malice or with reckless indifference to the Plaintiff's rights, thereby entitling the Plaintiff to recover punitive damages pursuant to 42 U.S.C. Sec. 1981a(b).

**IV.**   <u>Fourth Count - Infliction of Emotional Distress</u>

1-61.   Paragraphs 1 through 61 of the First Count are made a part of this the Fourth Count as if fully set forth herein.

62.   The aforesaid acts of the defendants were intended to cause the plaintiff humiliation

S:\030532\court complaint.doc

SECOR, CASSIDY & McPARTLAND, P.C.   •   ATTORNEYS AT LAW
41 CHURCH STREET   •   P. O. BOX 2818   •   WATERBURY, CT 06723-2818   •   JURIS #65525   •   (203) 757-9261

and emotional distress, and the defendants knew that by their actions and inaction, the plaintiff would suffer humiliation and emotional distress.

63.    The aforesaid acts of the defendants as set forth herein were extreme and outrageous and exceeded all bounds of human decency.

64.    As a result of the defendants' conduct, the plaintiff was caused to suffer severe emotional distress and extreme humiliation and is therefore entitled to money damages.

V.    **Fifth Count – Breach of the Covenant of Good Faith and Fair Dealing**

1-61.    Paragraphs 1 through 61 of the First Count are made a part of this the Fifth Count as if fully set forth herein.

62.    At all times relevant herein, the plaintiff was a member of the Wolcott Police Union and subject to the terms and conditions of a collective bargaining agreement in effect between the Wolcott Police Union and the Town of Wolcott.

63.    The acts of the Town of Wolcott as set forth herein breached the covenant of good faith and fair dealing implied in the collective bargaining agreement, to the extreme hardship and detriment of the plaintiff.

64.    As a result of the defendants' breach, the plaintiff has suffered damages.

VI.    **Sixth Count – Family and Medical Leave Act – 29 U.S.C. 2601**

1-61.    Paragraphs 1 through 61 of the First Count are made a part of this the Sixth Count as if

fully set forth herein.

62.   At the time she requested leave to care for her child, the plaintiff had been employed

by the Town of Wolcott for more than one year, and had worked more than 1250

hours in the 12-month period preceding her request for leave.

63.   The plaintiff was an employee as defined in 29 U.S.C. 2611.

64.   The defendant was an employer as defined in 29 U.S.C. 2611.

65.   The aforesaid acts of harassment and hostility engaged in by the defendants toward the

plaintiff were done with discriminatory intent and in retaliation for the plaintiff

exercising her rights to take family and medical leave to care for her newborn son, and

were designed to discourage the plaintiff from exercising those rights in the future in

the event that she needed to exercise those rights in the future, all in violation of 29

U.S.C. 2614 and 2615.

66.   As a result, the plaintiff is entitled to recover monetary and statutory damages

pursuant to 29 U.S.C. 2617.


## DEMAND FOR JURY TRIAL

The Plaintiff hereby makes demand for a trial by jury.

WHEREFORE, the plaintiff claims:

AS TO THE FIRST COUNT:

1.      Money damages;

2.      Punitive damages;

3.      Costs and attorney's fees;

4.      Such other remedies as the court may deem appropriate.

AS TO THE SECOND COUNT:

1.      Money damages;

2.      Attorney's fees and costs;

3.      Punitive damages;

4       Such other remedies as the court may deem appropriate.

AS TO THE THIRD COUNT:

1.      Money damages;

2.      Attorney's fees and costs;

3.      Punitive damages;

4       Such other remedies as the court may deem appropriate.

AS TO THE FOURTH COUNT:

1.      Money damages;

2.      Attorney's fees and costs;

3.      Punitive damages;

SECOR, CASSIDY & McPARTLAND, P.C.   •   ATTORNEYS AT LAW
41 CHURCH STREET   •   P. O. BOX 2818   •   WATERBURY, CT 06723-2818   •   JURIS #55525   •   (203) 757-9261

4       Such other remedies as the court may deem appropriate.

AS TO THE FIFTH COUNT:

1.      Money damages;

2.      Attorney's fees and costs;

3.      Punitive damages;

4       Such other remedies as the court may deem appropriate.

AS TO THE SIXTH COUNT:

1.      Money damages;

2.      Attorney's fees and costs;

3.      Punitive damages;

4       Such other remedies as the court may deem appropriate.

                              PLAINTIFF, DOREEN SPIOTTI,


                              By _____
                              Eric R. Brown, For:
                              Secor, Cassidy & McPartland, PC


A TRUE COPY
ATTEST
Gerald Reino, State Marshal

RETURN DATE:  SEPTEMBER 7, 2004 : SUPERIOR COURT

DOREEN SPIOTTI : JUDICIAL DISTRICT OF

VS. : WATERBURY AT
 : WATERBURY

TOWN OF WOLCOTT, PAUL SCIRPO, :
DON THERKILDSEN, DOMENIC :
ANGIOLILLO, AND BRUCE MORRONE : AUGUST 3, 2004

## STATEMENT OF AMOUNT IN DEMAND

 The plaintiff, through her attorney, claims that the amount in demand is more than

Fifteen Thousand Dollars ($15,000.00).

       PLAINTIFF,
       DOREEN SPIOTTI,


       By: _____
       Eric R. Brown, for:
       Secor, Cassidy, & McPartland, P.C.


A TRUE COPY
ATTEST
Gerald Jaimo, State Marshal